UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH L. M.,

                 Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C19-5393-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the medical evidence, evaluating Plaintiff's testimony, evaluating lay witness evidence, assessing Plaintiff's residual functional capacity ("RFC"), and in making his step five finding. (Dkt. # 11.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1978, has the equivalent of a high school education, and has worked as a care giver, housekeeper, and grocery store deli worker. AR at 113, 230.

ORDER - 1

On September 6, 2016, Plaintiff applied for benefits, alleging disability as of July 15, 2006. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on March 20, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-27.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since September 6, 2019.

Step two: Plaintiff has the following severe impairments: chronic left ear mastoiditis with hearing loss; schizophrenia; generalized anxiety disorder (20 CFR 416.920(c)).

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform a full range of work at all exertional levels but with the following nonexertional limitations: Plaintiff can withstand only occasional exposure to loud noise environments. Plaintiff can understand, remember, and apply short, simple instructions, and perform routine tasks, but not in a fast-paced, production type environment. Plaintiff can make simple decisions and be exposed to only few workplace changes. Plaintiff can occasionally interact with the general public and coworkers.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

*Id.*

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 11.)

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. Whether the ALJ Appropriately Declined to Reopen Plaintiff's Prior Application for Disability Benefits

Plaintiff previously filed an application for benefits on January 19, 2016, which was denied on March 8, 2016. Plaintiff did not appeal, making the ALJ's decision the Commissioner's final decision. AR at 43. Plaintiff filed the instant application on September 6, 2016. *Id.* During the hearing on March 20, 2018, Plaintiff moved to reopen her previous claim.

*Id.* The ALJ acknowledged Plaintiff's motion and advised he would take it under consideration. *Id.* at 43-44. In the ALJ's written decision, he declined to reopen Plaintiff's prior application because he found no basis to do so. *Id.* at 17. Plaintiff now argues the ALJ erred in declining to reopen her prior application. (Dkt. # 11 at 2.)

Once an administrative decision becomes final, the Commissioner's decision to reopen a disability claim is "purely discretionary." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). Because a discretionary decision is not a "final decision" within the meaning of 42 U.S.C. § 405(g), the Commissioner's refusal to reopen a decision "is not a 'final' decision subject to judicial review." *Id.* (citations omitted); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) ("As a general matter, the Commissioner's refusal to reopen her decision as to an earlier period is *not* subject to judicial review."). However, the Court can review a decision to not reopen a prior application if the "denial of a petition to reopen is challenged on constitutional grounds." *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

Plaintiff argues in her opening brief that the ALJ arbitrarily refused to reopen her prior application even though he could have reopened it for any reason pursuant to 20 C.F.R. § 416.1488. (Dkt. # 11 at 2.) The Commissioner argues Plaintiff failed to raise any allegation of a constitutional issue and therefore the Court lacks jurisdiction to review the ALJ's decision. (Dkt. # 12 at 3-4.) In response, Plaintiff asserts that the Court "indisputably" has jurisdiction over her appeal of the ALJ's decision and appears to assert that the ALJ's alleged arbitrary refusal to reopen the prior application constitutes a due process violation. (Dkt. # 15 at 2-3.)

The Court agrees with the Commissioner that it lacks jurisdiction to review the ALJ's decision to not reopen the earlier application. Plaintiff's bare assertions that the ALJ made an

arbitrary decision, without more, fails to raise a constitutional concern. Accordingly, the Court lacks jurisdiction to review the ALJ's decision to not reopen the prior application.

### B. The ALJ Did Not Err in Evaluating the Medical Evidence

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester*, 81 F.3d at 830. The uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn v. Astrue*, 495 F.3d 625, 632-33 (9th Cir. 2007).

#### 1. Medical Evidence Predating Plaintiff's September 2016 Application Date

Plaintiff argues the ALJ failed to evaluate any medical evidence dated prior to her current application date of September 6, 2016. (Dkt. # 11 at 2-9.) Plaintiff asserts that by failing to evaluate this evidence, the ALJ's decision was not based on a preponderance of the evidence. (*Id.* at 3.) Further, Plaintiff argues this error is harmful because a reasonable ALJ who evaluated the earlier medical evidence, and credited certain findings and opinions, could have reached a different disability determination. (*Id.* at 9.) In support of her argument, Plaintiff devotes

ORDER - 5

numerous pages to summarizing medical findings, including those dated before September 2016, which she asserts show she has been disabled since at least January 2016. (*Id.* at 3-8.)

Although it is true that when a claimant files for disability after the alleged onset date she cannot be paid for the for months prior to the application date, *see* 20 C.F.R. § 416.335, this rule does not render irrelevant opinion evidence generated during the alleged period of disability but before a claimant's application for benefits was filed. Indeed, the regulations governing the Social Security Administration's responsibilities with respect to developing the record specifically contemplate the consideration of evidence prior to the date of application. *See* 20 C.F.R. § 416.912(b) ("[W]e will develop your complete medical history for at least the 12 months preceding the month in which you file your application …"). The "relevant period" in this case begins on July 15, 2006, the alleged onset date, rather than the application date.

Here, the ALJ specifically stated in his decision that he considered the complete medical history despite the fact SSI is not payable prior to the month in which an application is filed. AR at 17. Further, the ALJ cited to a portion of the medical evidence containing records dating back to March 2016 when addressing his evaluation of Dr. Wheeler's opinion. *Id.* at 24 (citing *id.* at 367-420). While the ALJ could have provided a more robust explanation of his consideration of the earlier medical evidence, the ALJ cited to records predating September 2016 that show Plaintiff generally exhibited, *inter alia*, appropriate behavior, good hygiene, and a tangential thought process, although she did show signs of depression, anxiety, and delusional thoughts. *See, e.g., id.* at 391, 397, 401, 409, 411, 414, 418. In determining Plaintiff's RFC, the ALJ acknowledged Plaintiff's symptoms of mental impairments, including delusional thoughts and a depressed affect, however, he found most mental status exam findings were within normal limits

and thus concluded the limitations in the RFC adequately accommodated Plaintiff's mental impairments. *Id.* at 23-25.

Except for one medical opinion, discussed below, Plaintiff fails to relate her lengthy summary of the medical evidence dated prior to September 2016 to a specific error. Rather, Plaintiff makes a general assertion that when considered with more recent medical evidence, the earlier medical evidence shows Plaintiff is, and has been, disabled. Plaintiff's assertion is essentially a request to reweigh the evidence and come to a different conclusion than the ALJ, which the Court declines to do.

In her discussion of medical evidence dated prior to the application date, Plaintiff asserts the ALJ specifically erred in failing to consider the October 2015 opinion of Bryan Zolnikov, Ph.D., which opined that due to Plaintiff's psychiatric functioning, she would need to exhibit substantial improvement in her functioning to be appropriate for any type of work context. (Dkt. # 11 at 3-4.) Plaintiff asserts that Dr. Zolnikov's opinion is consistent with Dr. Kimberly Wheeler's 2017 opinion, and that had the ALJ credited these two opinions, he could have found Plaintiff disabled. (*Id.* at 4-9.) The Commissioner argues this opinion is from the period considered in Plaintiff's prior benefits claim, which was denied and not appealed. (Dkt. # 12 at 9.) The Commissioner argues that to rule on this opinion would be a de facto reopening of the prior claim. (*Id.*) The Commissioner further argues that even if this opinion was not considered in the prior claim, it does not establish that Plaintiff was disabled almost a year after the opinion, and that the opinion is consistent with Dr. Wheeler's opinion that the ALJ rejected. (*Id.* at 10.)

Although the ALJ stated he considered the complete medical history, and Dr. Zolnikov's opinion is contained within the record, the ALJ does not specifically reference this medical opinion in his decision. The Court notes it would have been more prudent for the ALJ to

specifically explain why he rejected Dr. Zolnikov's opinion, however, the facts in this matter do not warrant remand. As noted by the Commissioner, Dr. Zolnikov's opinion is from October 2015, nearly a year before the application date. Further, the opinion is from the time period in which the Commissioner determined Plaintiff was not disabled, a decision Plaintiff did not appeal. Lastly, Plaintiff's argument that Dr. Zolnikov's opinion is consistent with Dr. Wheeler's opinion is unpersuasive as the ALJ properly discounted her opinion, as discussed below.

Accordingly, to the extent the ALJ erred in not fully explaining his review of medical evidence prior to September 2016, or in failing to address Dr. Zolnikov's 2015 opinion, any error is harmless. The Commissioner's decision may be affirmed where, as here, there is substantial evidence supporting the decision and the ALJ's error or omission does not undermine the ultimate non-disability determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008).

> 2. *State Agency Psychologists Diane Fligstein, Ph.D. and Christmas Covell, Ph.D.*

In October 2016, State Agency Psychologist Dr. Fligstein reviewed records and opined Plaintiff had mild to moderate limitations in her mental functioning but was able to perform simple but not detailed tasks. AR at 101-09. Dr. Fligstein also opined Plaintiff would require no more than superficial and routine contact with supervisors and a small group of coworkers in a non-public setting. *Id.* at 108. Dr. Fligstein further opined Plaintiff would have occasional difficulties in maintaining concentration, pace, and persistence on detailed tasks and when symptomatic, however, she remains capable of attending work in customary tolerances, working within a routine, and completing a normal workday or work week. *Id*. In January 2017, State Agency Psychologist Dr. Covell reviewed Plaintiff's records upon reconsideration and agreed with Dr. Fligstein's opinion. *Id.* at 120-22.

The ALJ gave Drs. Fligstein and Covell's opinions significant weight. AR at 24. First, the ALJ found the opinions were consistent with Plaintiff's unremarkable physical exam findings and mental status exams showing normal mental functioning. *Id.* (citing *id.*, *e.g.*, at 566, 568-69, 571.) Second, the ALJ found the opinions were consistent with Plaintiff's demonstrated functioning, referring to Plaintiff's ability to work part-time as a care giver, drive a car, go shopping for short periods of time, handle her personal care, volunteer at a food bank, and go trail walking. *Id.* (citing hearing testimony).

Plaintiff argues the ALJ erred in assigning greater weight to the opinions of State agency psychologist Drs. Fligstein and Covell than that of examining Dr. Wheeler because examining physicians are generally entitled to more weight than those of non-examining physicians. (Dkt. # 11 at 9 (citing *Ghanim v. Colvin*, 763 F.3d 1154 (9th Cir. 2014.)).) However, State agency physicians are considered "highly qualified physicians who are also experts in Social Security disability evaluation." *See* 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f) (2)(i); *see also* SSR 96–6p. "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p.

Plaintiff also argues these opinions warrant less weight because Drs. Fligstein and Covell did not review records developed after the date of their opinions. (Dkt. # 11 at 9.) Here, Drs. Fligstein and Covell reviewed records regarding Plaintiff's functioning dating back to January 2016. AR at 104, 116. While they did not review records dated after their opinions, the ALJ had the opportunity to review the record as a whole and reasonably assigned these opinions significant weight. Accordingly, the ALJ did not err in evaluating Drs. Fligstein and Covell's opinions.

### 3. Kimberly Wheeler, Ph.D.

Department of Social and Health Service Dr. Wheeler evaluated Plaintiff in September 2017. AR at 537-41. Dr. Wheeler opined Plaintiff had mild to moderate limitations in mental functioning, including her ability to perform activities within a schedule and to communicate in a work setting, and also had marked limitations in her ability to adapt to changes in a routine work environment and completing a normal work day or work week without interruption from her mental impairments. *Id.* at 539.

The ALJ gave Dr. Wheeler's opinion little weight. AR at 24-25. The ALJ found Dr. Wheeler's opinion inconsistent with her own exam of Plaintiff. AR at 24. Discrepancies between a medical opinion source's functional assessment and that source's clinical notes, recorded observations and other comments regarding a claimant's capabilities "is a clear and convincing reason for not relying" on the assessment. *Bayliss*, 427 F.3d at 1216; *see also Weetman v. Sullivan,* 877 F.2d 20, 23 (9th Cir. 1989). Here, the ALJ could reasonably find Dr. Wheeler's opinion that Plaintiff would have marked limitations in completing a normal work schedule and adapting to changes in a routine work setting was inconsistent with her own exam results finding that Plaintiff demonstrated normal thought process and content, orientation, memory, fund of knowledge, abstract thought, insight and judgment, and the only observations of limitations noted are that Plaintiff was anxious, had issues with her perception, and that her concentration could diminish while she is anxious. AR 540-41.

The ALJ also found Dr. Wheeler's opinion was unsupported by Plaintiff's mental health treatment records showing her mental functioning is within fair to normal limits. AR at 24. In doing so, the ALJ cited medical records dating from March 2016 to February 2018. *Id.* (citing *id.* at 338-66, 367-420, 563-683). Although the ALJ could have been more specific with his citation

to individual records, it is clear the ALJ considered records from before, during, and after Dr. Wheeler's evaluation of Plaintiff and found them inconsistent with Dr. Wheeler's opinion regarding Plaintiff's limitations.

Lastly, the ALJ found Dr. Wheeler's opinion was inconsistent with Drs. Fligstein and Covell's opinions, which the ALJ found more persuasive and consistent with the overall record. *Id.* at 24-25. As discussed above, the ALJ reasonably credited Drs. Fligstein and Covell's opinions and therefore could reasonably discount Dr. Wheeler's inconsistent opinion. Accordingly, the ALJ provided specific and legitimate reasons for discounting Dr. Wheeler's opinion.

### C. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. In order to reject a claimant's testimony, the ALJ must provide "clear and convincing" reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ found the alleged limiting effects of Plaintiff's symptoms were not consistent with the record. AR at 23. First, the ALJ found the medical records as of September 2016 did not support her allegations. *Id.* The ALJ found that while Plaintiff did present with mental impairments, including depression and reports of delusional thoughts, other mental status exam findings were within normal limits and she was advised to continue working on positive communication skills. *Id.* (citing *id.* at 362, 364). The ALJ concluded that throughout the course of her mental health treatment, her symptoms were generally mild. *Id.* Plaintiff argues the ALJ

could not reject her testimony about the severity of her symptoms based solely on whether the objective evidence supports the alleged degree of limitation by Plaintiff.[3] (Dkt. # 11 at 10). Plaintiff's argument ignores the other reasons provided by the ALJ for discounting Plaintiff's testimony, discussed below. Similarly, Plaintiff argues the ALJ failed to discuss the abnormal mental health findings in the record. (*Id.* at 11). This argument is also unpersuasive as the ALJ specifically acknowledged Plaintiff's depressed mood and affect as well as her delusions. AR at 23.

The ALJ found Plaintiff's treating providers treated her symptoms with only medication and counseling. AR at 23. The ALJ acknowledged her dosages and medications changed over time but found she endorsed satisfaction with the conservative treatment and endorsed improvements in her hallucinations. *Id.* (citing *id.* at 579, 586). Thus, the ALJ concluded the record reflected mild symptoms that are controlled with medication. *Id.* at 24 (citing *id.* at 564, 566, 568-69, 571). Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of social security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ also found Plaintiff reported no substance abuse (AR at 342, 347, 358, 363-64, 385, 388, 391, 396), which conflicts with later records showing she admitted to previously experimenting with substances and that she currently has a couple drinks at dinner and uses and marijuana for sleep (*id.* at 577). *Id.* at 23. Plaintiff's statements also conflict with her reports that she previously completed inpatient and outpatient treatment and drank almost a fifth of alcohol daily or every other day. *Id.* at 538. Plaintiff's inconsistent statements about her substance abuse

---

[3] Plaintiff also reiterates his argument that the ALJ erred in not evaluating medical evidence dated prior to September 2016. (Dkt. # 11 at 10.) As discussed above, the ALJ did consider this evidence and any error in not fully explaining his evaluation is harmless.

ORDER - 12

are grounds to discount her testimony. *See Verduzco v. Apfel,* 188 F.3d, 1087, 1090 (9th Cir. 1999); *Thomas*, 278 F.3d at 959.

Lastly, the ALJ discounted Plaintiff's testimony because of her ability to work part-time as a caregiver and because she is applying for financial aid to attend college. AR at 24. Plaintiff asserts the ALJ failed to account for Plaintiff's testimony regarding the difficulty she had working part-time and argues this work does not prove she is able to do full-time work. (Dkt. # 11 at 11.) Plaintiff also asserts the ALJ erred in finding Plaintiff's attempt to get financial aid indicated that she believes she is able to attend school and eventually obtain a career in caregiving, which the ALJ found was inconsistent with the alleged severity of her impairments. (Dkt. # 11 at 11.) Plaintiff argues this reasoning goes against public policy as disabled recipients of Social Security benefits are encouraged to attempt to work. (*Id.*) There are two ways that a claimant's activities undermine his or her symptom statements: (1) showing that a claimant's activities contradict his other testimony; or (2) showing that a claimant's activities are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ did not cite to Plaintiff's activities to show that they are transferable to a work setting. Rather, he cited her activities to show they were inconsistent with Plaintiff's alleged severity of her symptoms. Accordingly, the ALJ did not err in evaluating Plaintiff's testimony.

**D.      Any Error in Evaluating Lay Witness Evidence was Harmless**

Plaintiff argues the ALJ failed to address statements from SSA Facilitator J. Sjoquist and social worker Sue Newkirk. (Dkt. # 11 at 15-16.) SSA Facilitator J. Sjoquist conducted a face-to-face interview with Plaintiff. AR at 226. She observed Plaintiff was polite, friendly, and had no problems for most of the hearing, however, she wore shaded glasses due to the lighting and made good eye contact but looked elsewhere when speaking. *Id*. Ms. Newkirk interviewed Plaintiff

telephonically in January 2017 and reported Plaintiff either did not exhibit any difficulties or she did not observe any difficulties due to the telephonic nature of the interview. *Id.* at 260-61. Ms. Newkirk also made the following report in December 2016:

> Claimant states she has not showered for one month as she thinks someone might be spying on her. States due to depressive state of mind she has not been taking care of household tasks as she once did. States she is fearful of taking Depakote due to possible serious side [sic] affects. States she avoids taking her ARIPiprazole as it causes her a depressed state of mind.

AR at 254.

An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). However, the failure to disregard lay witness testimony without comment may be deemed harmless. An error is harmless where it is "inconsequential to the ultimate nondisability determination." *Molina,* 674 F.3d at 1122. (quoting *Stout v. Comm'r, Social Sec. Admin.,* 454 F.3d 1050 1055 (9th Cir. 2006)). As recently held by the Ninth Circuit, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims." *Id.* at 1122 (quoting *Buckner v. Astrue,* 646 F.3d 549, 560 (8th Cir. 2011); also describing harmless error as occurring where an "ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony[.]")

Here, the ALJ discussed Ms. Newkirk's report from January 2017. AR at 25. The ALJ considered her observations when determining Plaintiff's RFC, but chose to give more weight to Drs. Fligstein and Covell's opinions because they are acceptable medical sources. *Id.* As the Commissioner notes, Ms. Newkirk did not report any limitations during her phone interview with Plaintiff and described her as "prepared and courteous throughout" the appointment. *Id.* at

261. As Drs. Fligstein and Covell opined greater limitations than those reported by Ms. Newkirk during this interview, the ALJ did not error in giving Ms. Newkirk's observations less weight. *Carmickle*, 533 F.3d at 1162-63.

Plaintiff argues the ALJ erred in failing to discuss Ms. Newkirk's report from December 2016. (Dkt. # 11 at 15.) The Court agrees that the ALJ erred in not expressly providing any reasons for rejecting this lay witness testimony. However, the ALJ's error in failing to mention this lay witness report was harmless. As discussed above, the ALJ properly discounted Plaintiff's subjective symptom testimony and Ms. Newirk's December 2016 report is merely a recitation of Plaintiff's self-reports regarding her impairments. Because Ms. Newkirk's 2016 report consisted only of Plaintiff's statements, and not any personal observations such as those found in Ms. Newkirk's 2017 report, any error in not addressing this specific report is harmless. *Carmickle*, 533 F.3d at 1162-63.

Plaintiff also argues the ALJ erred in not addressing SSA Facilitator J. Sjoquist's statement. (Dkt. # 11 at 15-16.) While the Court again agrees the ALJ erred in not addressing this lay witness evidence, Plaintiff has not established harmful error. The only potential limitations described by SSA Facilitator J. Sjoquist are that at times during the interview Plaintiff could not hear SSA Facilitator J. Sjoquist. AR at 226. However, SSA Facilitator J. Sjoquist also observed that Plaintiff did not have hearing problems for the majority of the interview. *Id*. The RFC already accommodates Plaintiff's hearing limitations and therefore even if the ALJ had addressed this evidence, it would have been inconsequential to the ultimate disability determination. SSA Facilitator J. Sjoquist also noted Plaintiff wore shaded glasses because of the lighting, however, this observation does not indicate any need for further limitations not already included in the RFC. Accordingly, any error is therefore harmless. *Molina,* 674 F.3d at 1122.

### E. The ALJ Did Not Err in Assessing Plaintiff's RFC

The ALJ found Plaintiff was unable to perform any past relevant work, however, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR at 25. In making this finding, the ALJ consulted a vocational expert ("VE"). *Id.* at 26. The VE testified that a hypothetical person with Plaintiff's age, education, work experience, and RFC would be able to perform the jobs of marker, mail clerk, and garment sorter. *Id.* The VE further testified that collectively there are 470,000 of these positions in the national economy and 10,000 positions in Washington state's economy. *Id.*

Plaintiff argues the ALJ improperly determined Plaintiff's RFC and therefore erred in basing his step five finding on that RFC assessment. (Dkt. # 11 at 16.) In support of this argument, Plaintiff reiterates her arguments that the ALJ should have credited Drs. Zolnikov and Wheeler's opinions regarding Plaintiff's limitations and included them in the RFC. (*Id.*) Plaintiff also argues the ALJ should have included limitations described by the lay witnesses. (*Id.*) As discussed above, these arguments have already been rejected and are therefore unpersuasive. Accordingly, the ALJ did not err in his RFC determination or step five finding.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 3rd day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge